UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

Scott Andrews Kyles,

        Petitioner,

vs.

Warden Dwight Fondren,

        Respondent.        Civ. No. 08-6074 (PAM/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Scott Andrews Kyles for a Writ of Habeas Corpus, under Title 28 U.S.C. §2241. The Petitioner claims that the Federal Bureau of Prisons ("BOP") has denied him the opportunity to have his sentence reduced, pursuant to Title 18 U.S.C. §3621(e), in violation of his rights under Federal law. For

reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

## II. Factual and Procedural Background

On April 22, 2008, the Petitioner was sentenced to a thirty-eight (38) month prison term, to be followed by five (5) years of supervised release, by the United States District Court for the District of South Dakota. See, Petition, Docket No. 1, at ¶¶1-2, 4. The Petitioner was sentenced following his conviction for Conspiracy to Distribute and Possession, with the Intent to Distribute a Controlled Substance, in violation of Title 21 U.S.C. §§841(a)(1) and 846. See, Declaration of Angela Buege ("Buege Decl."), Docket No. 6, at ¶3. On July 25, 2008, the Petitioner was deemed eligible to participate in a 500-hour Residential Drug Abuse Program ("RDAP"). Id., Attachment B at p. 1.

By way of brief background, RDAP is a program provided by the BOP, pursuant to Title 18 U.S.C. §3621(b). According to that Statute, the BOP is directed to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." Title 18 U.S.C. §3621(b). The RDAP program is "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment

coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period." Title 28 C.F.R. §550.56.

In order to qualify for participation in the RDAP, an inmate must meet all of the following criteria:

>  (1) The inmate must have a verifiable documented drug abuse problem.
>
>  (2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.
>
>  (3) The inmate must sign an agreement acknowledging his/her program responsibility.
>
>  (4) Ordinarily, the inmate must be within thirty-six months of release.
>
>  (5) The security level of the residential program institution must be appropriate for the inmate.

Title 28 C.F.R. §550.56(a).

In order to give inmates an additional incentive to participate in the RDAP, Congress has authorized the BOP to grant sentence reductions of up to one (1) year for those who successfully complete the program, an authority that follows from Section 3621(e)(2)(B), which provides as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of

> Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Congress did not define the term "prisoner convicted of a nonviolent offense," which would encompass the largest potential class of inmates who would be eligible for a sentence reduction upon completion of the RDAP.

In a first attempt to construe the Statute, the BOP promulgated a Regulation, which defined the term "nonviolent offense," as employed in Section 3621(e)(2)(B), in the negative, by incorporating the following definition of "crime of violence" by borrowing from a statute:

> An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, in accordance with paragraph (a) of this section * * * **unless the inmate's current offense is determined to be a crime of violence** as defined in 18 U.S.C. §924(c) * * *.

Title 28 C.F.R. §550.58 [emphasis added][later amended].

According to Title 18 U.S.C. §924(c)(3), the term "crime of violence" is defined as follows:

> [A]n offense that is a felony and --
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in committing the offense.

The BOP modified its offense classification scheme for determining an inmate's eligibility for early release, by amending Title 28 C.F.R. §550.58, and its Program Statements. The amended Regulation, which was adopted according to a notice and comment procedure, no longer incorporated the definition of a "crime of violence," that was contained in Section 924(c).[1]

Instead, the new Section 550.58(a) states that inmates, who are convicted of nonviolent offenses, may be eligible for a sentence reduction, but it sets forth a listing of "[a]dditional early release criteria," as follows:

>     (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

---

[1]The BOP described its purpose, in amending the Regulation, as a response to conflicting judicial interpretations of the provision, as follows:

>     The interim rule published on May 25, 1995, attempted to define the term "crime of violence" pursuant to 18 U.S.C. 924(c)(3). Because of differences in application of case law among the various Federal courts, a few crimes would be clearly covered by the Bureau's definition Early Release Consideration, 62 Fed. Reg. 53,690 (amending Title 28 C.F.R. §550.58).

> > \* \* \*
>
> > (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, **robbery**, or aggravated assault, or child sexual abuse offenses.

Title 28 C.F.R. §550.58(a) [Emphasis added].

The final version of the Regulation was adopted on December 22, 2000. See, 65 Fed. Reg. 80,745 (2000).

In addition, on October 9, 1997, the BOP promulgated a new Program Statement -- P.S. 5330.10, entitled "Drug Abuse Programs Manual, Inmate" Early Release Qualifications" -- in which the BOP listed, at Chapter Six, which is entitled "Early Release Qualifications" -- additional release criteria for determining whether an inmate is entitled to have his sentence reduced pursuant to Title 18 U.S.C. 3621(e). See, Buege Decl., supra at ¶4, and Attachment C. Specifically, Chapter 6.1.1(a)(iv) of P.S. 5330.10 uses the exact same language as Title 28 C.F.R. §550.58(a)(1)(iv). Id., Attachment C. In addition, P.S. 5330.10 lists the types of prior offenses, which exclude an inmate from early release, as follows:

> More specifically, an inmate may or may not be qualified for early release under 18 U.S.C. §3621(e) in the following circumstances:
>
> > \* \* \*

> (3) <u>The inmate's prior adult criminal record includes no convictions which disqualify him/her for early release, based on the Director's Discretion</u>. Any adult misdemeanor or felony conviction for * * * Robbery * * * are crimes that disqualify an inmate for early release * * *. Previous adult convictions includes criminal convictions that occur at <u>any time</u>, prior to the inmate's §3621(e) release date.

<u>Id.</u>, Attachment C at p. 2[Emphasis in Original].

As noted, on July 25, 2008, the Petitioner was deemed eligible to participate in a 500-hour RDAP. See, <u>Buege Decl.</u>, supra at Attachment B at p. 1.

However, the staff at FCI-Sandstone determined that the Petitioner was not eligible for early release under Title 18 U.S.C. §3621(e). See, <u>Buege Decl.</u>, supra at Attachment B at p. 2. The basis for the Petitioner's eligibility determination stemmed from his prior offense, in 1981, of Simple Robbery. <u>Id.</u>, at ¶4 and Attachment B p. 2. On October 2, 2008, after being deemed ineligible for early release, the Petitioner filed an institutional remedy, which challenged the Respondent's decision to deny his early release eligibility. <u>Id.</u> at ¶8 and Attachment D. On October 15, 2008, the Petitioner's remedy was denied, <u>id.</u>, and the Petitioner did not appeal that decision.[2] <u>Id.</u>

---

[2]The Petitioner has a projected release date of July 31, 2010, via Good Conduct Time release. See, <u>Buege Decl.</u>, supra at ¶3.

On November 18, 2008, the Petitioner filed his present application for Habeas Corpus relief, under Title 28 U.S.C. §2241, in which he seeks a Writ of Habeas Corpus that would direct the BOP to find him eligible for a one (1) year sentence reduction, under Section 3621(e)(2)(B). See, <u>Petition</u>, supra at p. 11. For its part, the Respondent contends that the Petitioner has not exhausted his administrative remedies, prior to bringing this Habeas Petition. See, <u>Respondent's Memorandum in Opposition</u>, <u>Docket No. 4</u>, at pp. 5-7. The Respondent also contends that the Petitioner's application should be dismissed, because the Petitioner was correctly found to be ineligible for early release. <u>Id.</u> at pp. 7-9. Lastly, the Respondent argues that the Petitioner does not have a right to early release under Title 18 U.S.C. §3621(e)(2)(B). <u>Id.</u> at pp. 9-12. Finding that the Petitioner is not entitled to early release, we therefore recommend that his Petition be dismissed.[3]

---

[3]Although the Petitioner does not allege a violation of any Federal Constitutional right, we note that, even if he were to make such an argument, the contention would be without merit, because "'there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" <u>Egan v. Hawk</u>, 983 F. Supp. 858, 864 (D. Minn. 1997), quoting <u>Greenholtz v. Nebraska Penal Inmates</u>, 442 U.S. 1, 7 (1979); see also, <u>Trobaugh v. Hawk</u>, 19 Fed.Appx. 461, 462 (8th Cir. 2001)(noting that "Section 3621(e) creates no protected liberty interest in receiving a sentence reduction[.]"), cert. dismissed, 535 U.S. 901 (2002), citing <u>Zacher v. Tippy</u>, 202 F.3d 1039, 1041 (8th Cir. 2000); <u>Richardson v. Joslin</u>, 501 F.3d 415, 420 (5th Cir. 2007)("The grant of discretion to the
(continued...)

III. Discussion

The Petitioner argues that the BOP's Program Statement "is in violation of the statutory language of 18 U.S.C. §3621(e)(2)(B) and C.F.R. §550.58," because the Respondent deemed him ineligible for early release based upon his prior offense for Simple Robbery. See, Petition, supra at p. 7. Moreover, while the Petitioner concedes that the Respondent is not explicitly required to provide early release, he asserts that the Respondent cannot deem him ineligible for early release because of his prior offense. See, Petitioner's Reply, Docket No. 9, at p. 3. We turn to address the Petitioner's contentions, but we begin with the Respondent's assertion, that the Petitioner has failed to exhaust his available administrative remedies.

A. Exhaustion of Administrative Remedies. As of November 18, 2008, when his Petition for Habeas relief was filed, the Petitioner had not fully exhausted any of his administrative remedies, as to the issues raised in his Petition.

Here, the Record discloses that, on October 2, 2008, the Petitioner sent an initial institutional remedy, with respect to the Respondent's determination deeming him

---

[3](...continued)
BOP in §3621(e)(2)(B) indicates that no entitlement and, hence, no liberty interest, was created."); Dozier v. Daniels, 139 Fed.Appx. 902, 903 (9th Cir. 2005)(noting that prisoners have "no liberty interest in the discretionary sentence reduction available under 18 U.S.C. §3621(e)(2)(B).").

ineligible for early release. See, Buege Decl., supra at ¶8. However, on October 15, 2008, the Petitioner's request was denied and, as of the date of his Petition, he has failed to appeal that decision. Id. Nonetheless, the Petitioner argues that any efforts to exhaust his administrative remedies would be futile because the Respondent would merely deny those efforts pursuant to the existing BOP policy. See, Petition, supra at p. 8. As a consequence, on this Record, there is no dispute that the Petitioner has failed to exhaust his administrative remedies, prior to filing his current Petition.

However, under similar circumstances, other Courts have concluded that exhaustion is futile, and therefore, failure to exhaust is not a bar to Habeas review. See, Gibson v. Berryhill, 411 U.S. 564, 575 n. 14 (1973)(noting that Courts have not required the exhaustion of administrative remedies where the administrative agency had "predetermined the issue before it"); Elwood v. Jeter, 386 F.3d 842, 845 n. 1 (8th Cir. 2004)(noting that the Government had waived the exhaustion requirement, because it conceded that continued use of the grievance procedure, in order to contest the validity of the BOP's policy, would be futile); Knish v. Stine, 347 F. Supp.2d 682, 686-87 (D. Minn. 2004). Accordingly, the Petitioner's failure to exhaust his administrative remedies, as to the BOP's policy, is not a bar to our consideration of his Petition.

B. <u>Whether the BOP Acted Contrary to Title 18 U.S.C. §3621(e)(2)(B) and C.F.R. §550.58</u>?

The Petitioner contends that the BOP interpreted Title 18 U.S.C. §3621(e)(2)(B) incorrectly when it determined that his prior offense for Simple Robbery precluded him from being eligible for early release.[4] See, <u>Petition</u>, supra at p. 7. Specifically, the Petitioner argues that Section 3621(e) provides that "the decision to deny eligibility 'must rest entirely upon persons whose **current offense** is determined to be a crime of violence as defined by the charging statute.'" <u>Id.</u> [Emphasis in original]. In response, the Respondent contends that the BOP acted

---

[4]The Government represents that the Petitioner's conviction for Simple Robbery, while he was certified as an adult offender, was governed by Minnesota Statutes Section 609.24, see, <u>Buege Decl.</u>, supra at ¶5, which provides, in pertinent part, as follows:

> Whoever, having knowledge of not being entitled thereto, takes property from the person or in the presence of another and **uses or threatens the imminent use of force against any person** to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of property is guilty of robbery * * *.

[Emphasis added].

Given this definition, there can be no question that the prior State Court conviction was for a violent offense. As represented by the Government, the Petitioner entered a gas station, told the clerk that he wanted all of the money in the cash register, and anything of value in her possession, and warned her that he had a knife. See, <u>Buege Decl.</u>, supra at ¶5. This is plainly a violent offense.

-11-

within its discretion in determining that the Petitioner was not eligible for early release. See, Respondent's Memorandum in Opposition, supra at pp. 7-14. Here, we find that the Respondent acted within its discretion when it determined that the Petitioner was ineligible for early release.

Our Court of Appeals addressed many of the same issues, that the Petitioner raises here, in Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999), aff'd sub nom., Lopez v. Davis, 531 U.S. 230 (2001). In Bellis, the Court noted that Title 18 U.S.C. §3621(e)(2) states "only that the prison term of an inmate convicted of a nonviolent offense '*may* be reduced by the Bureau of Prisons.'" Id. at 1094 [Emphasis in Original]. Moreover, the Court recognized that Section 3621(e)(2) "vests broad discretion in the BOP to determine which individuals, among the group of statutorily eligible inmates convicted of nonviolent offenses are appropriate candidates for early release." Id., citing Love v. Tippy, 133 F.3d 1066, 1069 (8th Cir. 1998), cert. denied, 524 U.S. 956 (1998).

The Court went on to recognize that "[i]t is well settled, moreover, that where Congress has left a gap in a statute for an agency to fill, we defer to the agency's interpretation so long as it is a permissible construction of the statute." Id. at 1095, citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837,

843-45, 866 (1984), and Love v. Tippy, supra at 1069. The Court also noted that Section 3621(e)(2) did not require the BOP to "exercise its discretion by making individual, rather than categorical, assessments of eligibility for inmates convicted of nonviolent offenses." Id. at 1094-95. Ultimately, the Court held as follows:

> The BOP chose to exercise the discretion granted to it under the statute by identifying additional categories of inmates who are ineligible for the early release program because, although their offenses may be "nonviolent" within the meaning of the statute, their underlying conduct indicates that they pose a serious risk to public safety. We think that the BOP's decision to exclude these additional categories of inmates from eligibility represents a manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion.

Id.

Those conclusions were affirmed by the Supreme Court in Lopez v. Davis, supra at 242, which concluded as follows:

> Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so. In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257, 115

> S.Ct. 810, 130 L.Ed.2d 740 (1995) (citing Chevron, 467
> U.S., at 842, 104 S.Ct. 2778); see also Reno v. Koray, 515
> U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995)
> (deferring to BOP's interpretation of statute). We think the
> agency's interpretation is reasonable both in taking account
> of preconviction conduct and in making categorical
> exclusions.

The Supreme Court also rejected the prisoner's argument that the BOP was not allowed to take into account preconviction conduct, and the Court found as follows:

> The BOP need not blind itself to preconviction conduct that
> the agency reasonably views as jeopardizing life and limb.
> By denying eligibility to violent offenders, the statute
> manifests congressional concern for preconviction
> behavior-and for the very conduct leading to conviction.
> The BOP may reasonably attend to these factors as well.
> The statute's restriction of early release eligibility to
> nonviolent offenders does not cut short the considerations
> that may guide the BOP in implementing §3621(e)(2)(B).

Id. at 231-32; see also, Grover v. Federal Bureau of Prisons, 245 F.3d 743, 747 (8th Cir. 2001)("The BOP retains broad discretion to determine who among those statutorily eligible inmates are appropriate candidates for early release."), citing Bellis v. Davis, supra 1094-95; United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001)(relying on Lopez to find that the BOP had discretion to "categorically exclude inmates who have had INS detainers filed against them from eligibility for early release after completing the treatment program."); Boucher v. Lamanna, 27 Fed. Appx. 279, 281 (6th Cir. 2001)("Furthermore, the BOP director has discretion to establish additional criteria that an inmate must satisfy in order to obtain early release under § 3621(e)(2)(B)."), citing Lopez v. Davis, supra 240-41.

Accordingly, the Court affirmed the BOP's implementation, and application of 28 C.F.R. §550.58.

Here, the Respondent determined that the Petitioner was ineligible for early release owing to his conviction for Simple Robbery in 1981.[5] Despite the Petitioner's arguments to the contrary, the BOP is allowed to consider factors outside his current offense, including his preconviction conduct. Therefore, the BOP acted within its discretion, pursuant to the clear language of Section 550.58, in determining that the Petitioner was ineligible for early release based upon his prior offense for Simple Robbery. See, Royal v. Tombone, 141 F.3d 596, 602 n. 7 (5th Cir. 1998)(noting that Section 550.58 explicitly precludes prisoners with a prior conviction for robbery from being eligible for early release); Dawkins v. Reno, 130 F. Supp.2d 740, 741 (E.D. N.C. 2000)(finding that, although the prisoner was currently incarcerated for a nonviolent crimes, his prior offense of armed robbery made him ineligible for early release).

In sum, we conclude that the BOP acted within its discretion to deem the Petitioner ineligible for early release, and therefore, we recommend that the Petition be dismissed with prejudice.

NOW, THEREFORE, It is --

---

[5]Notably, on July 25, 2008, the Petitioner was provided notice that he was eligible for participation in the RDAP, but was not eligible for early release. See, Buege Decl., supra at Attachment B.

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice.

Dated: October 2, 2009          *s/Raymond L. Erickson*
                                 Raymond L. Erickson
                                 CHIEF U.S. MAGISTRATE JUDGE

N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 20, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 20, 2009**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.